JOHN UDELL et al., Appellants, v RAY S. NAGHAVI, M.D., et al., Respondents. [919 NYS2d 79]—

The appeal from the intermediate order entered May 18, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appeal from the order dated August 23, 2010, also must be dismissed. It is the obligation of the appellant to assemble a proper record on appeal (*see LaSalle Bank N.A. v Henderson*, 69 AD3d 679 [2010]; *Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]). That record "must contain all of the relevant papers that were before the Supreme Court" (*LaSalle Bank N.A. v Henderson*, 69 AD3d at 680 [internal quotation marks omitted]; *see* CPLR 5526; *Wen Zong Yu v Hua Fan*, 65 AD3d at 1335). Here, the plaintiffs appeal from the order granting reargument and adhering to the original determination, but they have not included in the record any of the papers submitted on the reargument motion. Inasmuch as the record is inadequate to review the order made upon reargument, we dismiss the appeal from that order (*see LaSalle Bank N.A. v Henderson*, 69 AD3d 679 [2010]; *Wen Zong Yu v Hua Fan*, 65 AD3d at 1335).

In July 2005, the plaintiff John Udell (hereinafter the

plaintiff), who was then 50 years old, was examined by the defendant Joseph Crimi, P.A., a physician's assistant, at the offices of the defendant R.S. Naghavi, M.D., PLLC. Blood tests revealed a prostate specific antigen (hereinafter PSA) level of 3.84 and a rectal examination was negative. The plaintiff returned to the office again in May 2006 because of lumbar spine symptoms and was examined by the defendant Ray S. Naghavi. No blood test to determine the plaintiff's PSA level was done at that time and no rectal examination was performed. However, blood work was done on May 10, 2006, and Crimi allegedly reviewed the laboratory report that was prepared on May 11, 2006. In 2007, another physician diagnosed the plaintiff with advanced prostate cancer and, on May 27, 2008, the plaintiff and his wife, suing derivatively, commenced this action against Naghavi and his professional corporation (hereinafter together the Naghavi defendants), and Crimi to recover damages, inter alia, for medical malpractice. The plaintiffs alleged, among other things, that Naghavi and Crimi committed malpractice in failing to order follow-up tests to ascertain the plaintiff's PSA level. Crimi moved for summary judgment dismissing the complaint insofar as asserted against him. The Naghavi defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them for acts or omissions occurring prior to November 27, 2005, as barred by the statute of limitations. The Supreme Court granted the motions.

With respect to those branches of the defendants' separate motions that were based on the statute of limitations, the defendants established, prima facie, that the action was commenced on May 27, 2008, and, therefore, all causes of action to recover damages for malpractice arising from acts or omissions occurring prior to November 27, 2005, were barred by the 2½-year statute of limitations (see CPLR 214-a; *Cox v Kingsboro Med. Group*, 88 NY2d 904, 906 [1996]; *Chambers v Mirkinson*, 68 AD3d 702, 704 [2009]). The burden thus shifted to the plaintiffs to demonstrate the existence of a triable issue of fact (see *Cox v Kingsboro Med. Group*, 88 NY2d at 906).

Generally, a cause of action alleging medical malpractice accrues on the date of the alleged wrongful act or omission, and the statute of limitations begins running on that date. In instances, however, when the patient is undergoing a "continuous course of treatment" with the physician with respect to the same condition or complaint that gives rise to the lawsuit, the statute of limitations will not begin to run until the end of the course of treatment (*Nykorchuck v Henriques*, 78 NY2d 255, 261 [1991]; see *Gomez v Katz*, 61 AD3d 108, 111 [2009]). Here,

the plaintiffs failed to demonstrate that there was a triable issue of fact as to whether the continuous treatment doctrine tolled the statute of limitations. In order to receive the benefit of that doctrine, a plaintiff is required to demonstrate that there was a course of treatment, that it was continuous, and the treatment was for the condition or complaint underlying the claim of malpractice (*see McDermott v Torre,* 56 NY2d 399, 406-407 [1982]; *Gomez v Katz,* 61 AD3d at 111-112). In the absence of continuing efforts by a doctor to treat a particular condition, the policy underlying the continuous treatment doctrine does not justify tolling the statute of limitations.

Here, the record established that plaintiff and the defendants had a continuing doctor-patient relationship, but the plaintiffs failed to raise a triable issue of fact as to whether it concerned ongoing efforts to treat the condition that eventually was eventually diagnosed as prostate cancer (*see Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338 [1997]; *Richardson v Orentreich,* 64 NY2d 896, 899 [1985]; *Chambers v Mirkinson,* 68 AD3d 702 [2009]; *Gomez v Katz,* 61 AD3d at 112). Accordingly, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as it alleged acts or omissions of malpractice occurring prior to November 27, 2005.

The Supreme Court erred, however, in granting that branch of Crimi's motion which was for summary judgment dismissing the causes of action asserted against him which were based upon his alleged acts or omissions occurring on or after November 27, 2005. Although Crimi established his prima facie entitlement to judgment as a matter of law through the submission of his own deposition testimony and his expert's affidavit, which opined that Crimi did not deviate from good and accepted standards of medical care during the treatment he rendered to the plaintiff (*see Swezey v Montague Rehab & Pain Mgt., P.C.,* 59 AD3d 431, 433 [2009]), the affidavit of the plaintiffs' expert, submitted in opposition to Crimi's motion, raised a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]; *Stukas v Streiter,* 83 AD3d 18 [2d Dept 2011]).

The plaintiffs' remaining contentions are either academic or without merit. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.